**Carl H. Starrett II, Esq.    CSBN.   167822**
LAW OFFICES OF CARL H. STARRETT II
1941-C Friendship Drive
El Cajon, California 92020-1144
Telephone:    (619) 448-2129
Facsimile:    (619) 448-3036

Attorney for Debtor/Defendant SOUTHCHAY THAVISACK

### UNITED STATES BANKRUPTCY COURT

### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: | **Case No. 09-01686 LA7** |
| SOUTHCHAY THAVISACK, | **Adv. No. 09-90193-LA** |
| Debtor. | **MOTION FOR JUDGMENT ON THE PLEADINGS** |
| FIA CARD SERVICES, N.A. (F.K.A. MBNA AMERICA BANK, N.A. | |
| Plaintiff, | |
| v. | |
| SOUTHCHAY THAVISACK, | |
| Defendant. | |

Debtor SOUTHCHAY THAVISACK hereby moves the Court for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(b)(6), as incorporated by Bank. Rule 7012(b).

This motion is based upon this Motion, the attached Notice of Hearing, the attached Memorandum of Points and Authorities, as well as the pleadings and papers on file herewith, and upon such other oral and documentary evidence as may be presented at the hearing of this matter.

///

///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Carl H. Starrett II, Esq.**
**1941-C Friendship Drive**
**El Cajon, California 92020**
**Telephone:   (619) 448-2129**
**Facsimile:    (619) 448-3036**

Defendant requests that she be granted judgment on the pleadings dismissing the adversary proceeding.  Defendant's Motion is based on, *inter alia*, that the Complaint filed by the Plaintiff fails to state a claim upon which relief may be granted and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), as incorporated by Bank. Rule 7012(b)

Dated:  June 15, 2009                    By:/s/ Carl H. Starrett II
                                                    Carl H. Starrett II, Esq., Attorney for
                                                    SOUTHCHAY THAVISACK

<b>MEMORANDUM OF POINTS AND AUTHORITIES</b>

Defendant SOUTHCHAY THAVISACK ("Defendant") submits this Memorandum of Points and Authorities in support of her motion for judgment on the pleadings in favor of Defendant and against Plaintiff FIA CARD SERVICES, N.A. (F.K.A. MBNA AMERICA BANK, N.A ("Plaintiff").

## I.    STATEMENT OF THE CASE

The action arises out of a claim of that Defendant made certain credit card purchases and/or cash advances without the intention to pay for said purchases and/or cash advances. Plaintiff is a creditor in Defendant's Chapter 7 bankruptcy case[1].    Plaintiff's Complaint ("Complaint") pleads a single cause of action seeking to have Defendant's debt to Plaintiff declared nondischargeable under 11 U.S.C § 523(a)(2)(A).    Plaintiff also seeks compensatory damages, interest, attorney's fees and costs.

As more fully discussed below, the Complaint fails to state a claim upon which relief may be granted and should be dismissed.

## II.    A MOTION FOR JUDGMENT ON THE PLEADINGS IS JUSTIFIED WHERE A COMPLAINT FAILS TO ALLEGE FACTS SUFFICIENT TO STATE A CLAIM

A Rule 12(c) motion for judgment on the pleadings and a Rule 12(b)(6) motion to dismiss are virtually interchangeable. See William W. Schwarzer, et al., *Federal Civil Procedure Before Trial* § 9:319 (2003). In fact, the same standard applies to both. See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir.1989) (stating standard for motion for judgment on the pleadings); Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir.1988) (stating standard for motion to dismiss). The only differences between the two motions are (1) the timing (a motion for judgment on the pleadings is usually brought after an answer has been filed, whereas a motion to dismiss is typically brought before an answer is filed), Jones v. Greninger, 188 F.3d 322, 324 (5th Cir.1999), and (2) the party bringing the motion (a motion to dismiss may be brought only by the party against whom the

[1] In Re:  Southchay Thavisack, Case No. 09-01686-LA7

Carl H. Starrett II, Esq.
1941-C Friendship Drive
El Cajon, California 92020
Telephone:  (619) 448-2129
Facsimile:  (619) 448-3036

claim for relief is made, usually the defendant, whereas a motion for judgment on the pleadings may be brought by any party). In re Villegas, 132 B.R. 742, 744-45 (9th Cir. BAP 1991).

Because the two motions are analyzed under the same standard, a court considering a motion for judgment on the pleadings may give leave to amend and "may dismiss causes of action rather than grant judgment". See *Federal Civil Procedure Before Trial, supra* at § 9:341; Moran v. Peralta Cmty College Dist., 825 F.Supp. 891, 893 (N.D.Cal. 1993). The mere fact that a motion is couched in terms of Rule 12(c) does not prevent the district court from disposing of the motion by dismissal rather than judgment.  See Amersbach v. City of Cleveland, 598 F.2d 1033, 1038 (6th Cir.1979).  Therefore, the court considers defendants' motion as it would a motion to dismiss, and declines to grant judgment at this point.

The Federal Rules of Civil Procedure, Rule 12(b)(6) and Rule 12(c), allow a court to dismiss a complaint for failure to state a claim upon which relief can be granted. Such a dismissal can be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. See Balistreri, 901 F.2d at 699; Hal Roach Studios, 896 F.2d at 1550. In applying this standard, the court's review is limited to the contents of the complaint.  See Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir.1996); Hal Roach Studios, 896 F.2d at 1550. The court must accept all factual allegations pleaded in the complaint as true, construing and drawing all reasonable inferences from the allegations in favor of the nonmoving party.  See Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir.1996); Wager v. Pro, 575 F.2d 882, 884 (D.C.Cir. 1976).

However, the court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir.1981). cert. denied, 454 U.S. 1031, 102 S.Ct. 567, 70 L.Ed.2d 474 (1981). Moreover, the court does not have to accept as true conclusory allegations that contradict facts that may be judicially noticed or that are contradicted by documents referred to in the complaint. See, e.g., Steckman v. Hart Brewing Inc., 143 F.3d 1293, 1295-96 (9th Cir.1998).

///

Carl H. Starrett II, Esq.
1941-C Friendship Drive
El Cajon, California 92020
Telephone:  (619) 448-2129
Facsimile:  (619) 448-3036

With these principles in mind, the Defendant invites the Court's attention to the following arguments:

### III. THE COMPLAINT FAILS TO STATE A CLAIM BECAUSE IT FAILS TO SUFFICIENTLY ALLEGE THE ELEMENTS FOR A CLAIM THAT THE DEBT IS NOT DISCHARGEABLE

In very broad and overly generalized terms, the Complaint alleges that "Defendant obtained money from the Plaintiff through false pretenses, false representations and actual fraud."  See Paragraph 20 of the Complaint.  To comply with pleading requirements of Fed. R. Civ. P. 8, as incorporated by Bank. Rule 7008, and "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face".  Ashcroft v. Iqbal, No. 07-1015, slip. Op. at 14 (U.S. May 18, 2009) (internal citations and quotations omitted).

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.   Legal conclusions couched as a factual allegation are likewise not entitled to be accepted as true for purposes of a Motion to Dismiss. Id.

The Complaint filed by the Plaintiff contains 27 paragraphs of allegations to support its cause of action (paragraph's 6 through 27).  The Defendant contends that paragraphs 15 through 26 are mere legal conclusions or recitals of the elements of the cause of action.  As such, they are not entitled to the assumption of truth. Id. at 15.

Paragraphs 7 through 14 all contain factual actual allegations which are entitled to the presumption of truth.  However, none of those allegations, nor the reasonable inferences that can be drawn from them, provide the factual support for the claim asserted by the Plaintiff.  In particular, the Complaint fails to contain any factual allegations to support the elements of 11 § 523(a)(2) that the Defendant made a representation to repay the debt incurred, that the Plaintiff relied upon this alleged representation, that the alleged representation was false, or that the Plaintiff was injured by the alleged false representation.

**Carl H. Starrett II, Esq.**
**1941-C Friendship Drive**
**El Cajon, California 92020**
**Telephone:  (619) 448-2129**
**Facsimile:   (619) 448-3036**

Given the lack of factual allegations to support the Complaint, the Plaintiff has failed to plead sufficient allegations to support its complaint under 11 U.S.C. §523(a)(2) and the complaint should be dismissed for failing to state a claim upon which relief can be granted.

## IV. **CONCLUSION**

Based on the foregoing, Defendant respectfully requests that Court grant this Motion for Judgment on the Pleadings and enter judgment against Plaintiff.

Dated:  June 15, 2009                    By:/s/ Carl H. Starrett II
                                            Carl H. Starrett II, Esq., Attorney for
                                            SOUTHCHAY THAVISACK

Carl H. Starrett II, Esq.
1941-C Friendship Drive
El Cajon, California 92020
Telephone:   (619) 448-2129
Facsimile:   (619) 448-3036

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 15, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:  Jerome A. Yelsky, Esq., yelsky@cherinandyelsky.com, angelan@w-legal.com and heidyv@w-legal.com and I hereby certify that I have mailed by U.S. Postal Service the foregoing to the following non-CM/ECF participants: not applicable.

Dated:  June 15, 2009                                            /s/ Carl H. Starrett II

**Carl H. Starrett II, Esq.**
**1941-C Friendship Drive**
**El Cajon, California 92020**
**Telephone:  (619) 448-2129**
**Facsimile:  (619) 448-3036**