WEINSTEIN & RILEY, P.S.
Jerome A. Yelsky, Of Counsel – SBN 75240
12100 Wilshire Blvd, Suite 1100
Los Angeles, CA 90025

Telephone:  310-820-6529
Facsimile:   310- 826-2321

Attorneys for Plaintiff

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA

| In Re:<br>SOUTHCHAY THAVISACK ,<br>3072 44th St # A<br>San Diego, CA 92105<br><br>Debtor. | Chapter 7<br><br>Bankruptcy No. 09-01686 LA<br><br>Adversary Case No. 09-90193 LA |
|---|---|
| FIA CARD SERVICES, N.A. (F.K.A. MBNA AMERICA BANK, N.A.)<br><br>Plaintiff,<br>vs.<br><br>SOUTHCHAY THAVISACK ,<br><br><br><br>Defendant. | RESPONSE TO DEFENDANT'S MOTION TO DISMISS AND MOTION FOR JUDGMENT ON THE PLEADINGS |

Now comes Plaintiff FIA Card Services, N.A., through counsel, and responds to the Defendant's motions as follows:

1.  On June 15, 2009, the Defendant filed a Motion to Dismiss for failure to State a Claim upon which Relief can be granted pursuant to Federal Rule of Bankruptcy Procedure 7012(b), and Federal Rule of Civil Procedure 12(b)(6).

CASE NO.: 09-01686 LA
ADV. NO.: 09-90193 LA
RESPONSE TO DEFENDANT'S MOTION TO DISMISS AND MOTION FOR JUDGMENT ON THE PLEADINGS
FIA v. THAVISACK

1

2.   On May 20, 2009, the Defendant filed an answer to the Complaint.

3.   Federal Rule of Bankruptcy Procedure 7012(b) and Federal Rule of Civil Procedure 12(b) provide that a assert the defense of failure to state a claim upon which relief can be granted must be filed before the answer is filed.

4.   FIA Card Services, N.A. asserts that the facts alleged are sufficient to establish a claim for relief under 11 U.S.C. § 523(a)(2).

WHEREFORE, FIA Card Services, N.A. asks this court to deny the Defendant's motion.

**STANDARD FOR REVIEW**

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "[D]etailed factual allegations" are not required, *Twombly,* 550 U. S.544, at 555, but the Rule does call for sufficient factual matter, accepted as true, to "state a claim to relief ity when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.,* at 556. Two working principles underlie *Twombly.* First, the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements. *Id.,* at 555. Second, determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense. *Id.,* at 556. A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they

CASE NO.: 09-01686 LA
ADV. NO.: 09-90193 LA
RESPONSE TO DEFENDANT'S MOTION TO DISMISS AND MOTION FOR JUDGMENT ON THE PLEADINGS
FIA v. THAVISACK

2

must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

For purposes of a motion for judgment upon the pleadings the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false. *Doleman v. Meiji Mutual Life Ins. Co.*, 727 F.2d 1480, at p 1482 (9th Cir.1984); see also *Austad v. United States*, 386 F.2d 147, at p. 149 (9th Cir.1967). Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law. *Doleman, supra,* 727 F.2d at 1482. However, judgment on the pleadings is improper when the district court goes beyond the pleadings to resolve an issue; such a proceeding must properly be treated as a motion for summary judgment. Fed.R.Civ.P. 12(c); cf. *Bonilla v. Oakland Scavenger Co.*, 697 F.2d. 1297, at p 1301(9th Cir.1982) (discussing Fed.R.Civ.P. 12(b)(6)), cert. denied,467 U.S. 1251, 104 S. Ct. 3533, 82 L.Ed.2d 838 (1984).

**STATEMENT OF FACTS**

From September 19, 2008, 146 days before the entry of the Order for Relief, through October 9, 2008, 126 days before the entry of the Order for Relief, and a period of 20 days, Southchay Tavisack obtained 6 cash advances totaling $ 12,494.94 on account xxxx-xxxx-xxxx-6572.

From September 19, 2008 until the entry of the 146 days later made 1 payment on account xxxx-xxxx-xxxx-6572 totaling $ 151.00 which represents 0.478% [less than 1%] of the account balance of $ 31,572.28.

From October 29, 2008, 106 days before the entry of the Order for Relief, through

CASE NO.: 09-01686 LA
ADV. NO.: 09-90193 LA
RESPONSE TO DEFENDANT'S MOTION TO DISMISS AND MOTION FOR JUDGMENT ON THE PLEADINGS
FIA v. THAVISACK

3

November 17, 2008, 87 days before the entry of the Order for Relief, and a period of 19 days, Southchay Tavisack obtained 18 cash advances totaling $ 13,537.98 on account xxxx-xxxx-xxxx-4279.

Southchay Tavisack set forth in the schedules that he was unemployed during this period. Southchay Tavisack set forth in the schedules that he had monthly expenses of $ 1614,00 and a net monthly income of $ 1,612.00 which leaves ($ 2.00) each month for the payment of unsecured debt totaling $ 77,373.00 as set forth in the schedules.

Southchay Tavisack set forth in the schedules that he has assets of $ 58,400.00 and liabilities of $ 77,373.00 which renders Southchay Tavisack insolvent pursuant to 11 U.S.C. § 101(32).

**ARGUMENT**

Under the "totality of the circumstances" theory, which was established in *In re Faulk*, 69 B.R. 743, 757 (Bankr. N.D. Ind. 1986), and adopted by the Ninth Circuit Bankruptcy Appellate Panel in *In re Dougherty*, 84 B.R. 653 (Bankr. 9th Cir. 1988), a court may infer the existence of the debtor's intent not to pay if the facts and circumstances of a particular case present a picture of deceptive conduct by the debtor. *In re Faulk,* 69 B.R. at 755. In Dougherty the Bankruptcy Appellate Panel for the Ninth Circuit set out twelve nonexclusive factors to be considered in determining the debtor's intent. These factors are:

1. The length of time between the charges made and the filing of bankruptcy;

In the case now before the Court during a period between 146 days and 87 days before the entry of the Order for Relief.

2. Whether or not an attorney has been consulted concerning the filing of bankruptcy before the charges were made;

CASE NO.: 09-01686 LA
ADV. NO.: 09-90193 LA
RESPONSE TO DEFENDANT'S MOTION TO DISMISS AND MOTION FOR JUDGMENT ON THE PLEADINGS
FIA v. THAVISACK

4

In the case before the Court it does not appear that the Defendant consulted a bankruptcy attorney before obtaining the case advances.

3. The number of charges made;

In the case now before the Court the defendant obtained 24 cash advances.

4. The amount of the charges;

In the case now before the Court the defendant obtained $ 26,032.92 in cash advances

5. The financial condition of the debtor at the time the charges are made;

In the case now before the Court defendant was unemployed, insolvent, and his monthly expenses exceeded his net monthly income by $ 2.00. The defendant also had $ 77,373.00 of unsecured debt.

6. Whether the charges were above the credit limit of the account;

The defendant incurred a balance of $ 31,572.28 on account xxxx-xxxx-xxxx-6572 which had a credit limit of $ 26,600.00.

7. Whether the debtor made multiple charges on the same day;

The defendant obtained more than 1 cash advances per day on several occasions.

8. Whether or not the debtor was employed;

The defendant was not employed the cash advances were obtained.

9. The debtor's prospects for employment;

The prospect for the defendant obtained employment do not seem to have been very strong since the defendant was unemployed for at least 5 months before the entry of the Order for Relief.

10. Financial sophistication of the debtor;

The financial sophistication of the defendant is unknown.

11. Whether there was a sudden change in the debtor's buying habits; and

It appears that more cash advances were taken during this period of time.

12. Whether the purchases were made for luxuries or necessities.

It appears that a fair number of the cash advances were taken at casinos.

*In re Dougherty*, 84 B.R. at 657 (citing *In re Faulk*, 69 B.R. 743, 757 (Bankr. N.D. Ind. 1986)).

Under this approach, the bankruptcy court must consider these factors to determine whether the debt was incurred through actual fraud, i.e., where the debtor made the charges with no intention of paying for the goods or services. *In re Dougherty*, 84 B.R. at 657.

WHEREFORE, FIA Card Services, N.A. asks this Court to deny the motion.

DATED this 22nd day of July, 2009.

                    WEINSTEIN & RILEY, PS

                    By:    _/S/ Jerome A. Yelsky__
                            Jerome A. Yelsky, Of Counsel (75240)
                            12100 Wilshire Blvd, Suite 1100
                            Los Angeles, CA 90025
                            Telephone: 310-820-6529

## SERVICE LIST

Soutchay Thavisack
3072 44th Street, Apt A
San Diego, CA 92105

Carl H. Starrett, II
Law Offices of Carl H. Starrett II
1941-C Friendship Drive
El Cajon, CA 92020-1144


