1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WEINSTEIN & RILEY, P.S.
Jerome A. Yelsky, Of Counsel – SBN 75240
12100 Wilshire Blvd, Suite 1100
Los Angeles, CA 90025

Telephone:   310-820-6529
Facsimile:    310- 826-2321

Attorneys for Plaintiff

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>SOUTHCHAY THAVISACK ,<br>3072 44th St # A<br>San Diego, CA 92105<br><br><br><br>Debtor. | Chapter 7<br><br>Bankruptcy No. 09-01686 LA<br><br>Adversary Case No. 09-90193 LA<br><br>AMENDED COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT U.S.C. §523(a) (2) (A)<br><br>DATE: See Summons |
| FIA CARD SERVICES, N.A. (F.K.A. MBNA AMERICA BANK, N.A.)<br><br>                    Plaintiff,<br>        vs.<br><br>SOUTHCHAY THAVISACK ,<br><br><br><br>                    Defendant. | |

### AMENDED COMPLAINT TO DETERMINE THE DISCHARGEABILITY OF DEBT AND FOR JUDGMENT

Plaintiff, through its attorney, Jerome A Yelsky, Of Counsel, states as follows:

### I.  PARTIES AND JURISDICTION

1.   This is an adversary proceeding in bankruptcy brought by FIA Card Services, N.A. (f.k.a.

MBNA America Bank, N.A.) pursuant to 11 U.S.C. § 523.

CASE NO.: 08-01686 LA

ADV. NO.: 09-90193 LA

COMPLAINT TO DETERMINE THE DISCHARGEABILITY OF DEBT.

FIA v. THAVISACK

2. Plaintiff is a foreign corporation licensed to do business in the State of California with all fees and licenses paid, and otherwise is entitled to bring this action.

3. Defendant filed a Chapter 7 bankruptcy petition on 02/12/2009.

4. Jurisdiction is vested in this proceeding pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and 11 U.S.C. §523; this matter is a core proceeding.

5. Plaintiff is a creditor in this bankruptcy proceeding.

## II. CAUSE OF ACTION

6. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 4, above.

7. Plaintiff has attempted to resolve this matter prior to filing this complaint, by contacting the Defendant's attorney.

8. At all times mentioned, Plaintiff granted to Defendant an extension of credit in the form of a credit card bearing Account No. XXXXXXXXXXXX4279 and XXXXXXXXXXXX6572.

9. Defendant utilized the aforementioned line of credit, creating a balance due and owing on this account of $57,819.84, including interest as of the date the bankruptcy petition was filed.

10. Specifically for account number XXXXXXXXXXXX4279 between 09/29/2008 and 11/18/2008 Defendant incurred $814.00 in retail charges.

11. Specifically for account number XXXXXXXXXXXX4279 between 09/29/2008 and 11/18/2008,  Defendant incurred $19,564.00 in cash advances, the vast majority of which were incurred at a gambling casino.

12. As a result of the above activity, the account credit limit was exceeded.

13. Specifically for account number XXXXXXXXXXXX6572 between 09/19/2008 and 10/30/2008 Defendant incurred $17,680.00 in cash advances, all being incurred at a gambling casino.

CASE NO.: 08-01686 LA

ADV. NO.: 09-90193 LA

COMPLAINT TO DETERMINE THE DISCHARGEABILITY OF DEBT.

FIA v. THAVISACK

14. As a result of the above activity, the account credit limit was exceeded.

15. At the time the Defendant incurred charges on his account, he was cognizant of his inability to repay the charges incurred on the line of credit.

16. Defendant set forth in his bankruptcy petition that he was unemployed during the period in question.

17. Defendant set forth in his schedules that he had monthly expenses of $1,614.00 and a net monthly income of $1,612.00, leaaving $2.00 each month for the payment of unsecured debt totaling $77,373.00.

18. To service this mountain of debt, Defendant would have to make monthly payments of $1,547.46 ($77,373.00 x.02%), which would leave Defendant under water each month in the amount is $1,545.46.

19. In his schedules, Defendant lists $7,500.00 of gambling lossess incurred between three (3) casinos.

20. As Defendant incurred $37,244.00 in cash advances at gambling casinos on account number XXXXXXXXXXXX6572 and account number XXXXXXXXXXXX4279, Defendant has failed to account for $29,744.00 in cash advances on these accounts.

21. Defendant set forth in the schedules that he has assets of $58, 400.00 and liabilities of $77,373.00 which renders him insolvent pursuant to 11 U.S.C. Section 101(32).

22. Pursuant to In re Dougherty 84 B.R. 653 (9th Cir. 1998), Courts may consider twelve factors or the totality of the circumstances to help determine a debtor's state of mind regarding an intention to repay.

    i.   These factors in Dougherty relevant to this case include: <u>the time between the unpaid charges and the bankruptcy filing; the number and amount of charge made;</u>

    ii.   <u>the debtor's payment and debt incurrence history;</u>

    iii.   <u>whether the charges exceeded the debtor's credit limit;</u>

    iv.   <u>whether the debtor incurred multiple charges on the same day;</u>

    v.   <u>whether there was a sudden change in the debtor's buying habit; and</u>

    vi.   <u>whether the purchases were made for luxuries or necessities.</u>

23. A review of the facts indicate relevant factors in In re Dougherty have been met.

    i.   Defendant obtained 24 cash advances;

    ii.   The total of the cash advances on both accounts was $37,244.00;

    iii.   At the time the charges were incurred Defendant was unemployed, insolvent, and his monthly expenses exceeded his net monthly income by $.2.00, which does not take into account the reuqired payments on unsecured credit card debt of $77,373.00

    iv.   Crredit card account number XXXXXXXXXXXX-6572 was exceeded in excess of $4,900.00;

    v.   Defendant made multiple cash advance withdrawals on the same day;

    vi.   The charges represented a drastic change in Defendnat's crredit card use, and;

    vii.   As the vast majority of charges were incurred at a single gambling casino, the charges were for clearly not for necessities.

24. By obtaining and/or accepting an extension of credit from Plaintiff and incurring charges on this account, Defendant represented an intention to repay the amounts charged Dougherty 84 B.R. 653 (9th Cir. 1998).

25. Defendant had to be cognizant of the fact that they did not have the ability to repay the debt in full to Plaintiff or any other credit card issuer.

26. By reason of the foregoing, Defendant obtained money from the Plaintiff through false pretenses, false representations and actual fraud.

27. Defendant, therefore, had a specific intent to defraud Plaintiff by accepting the benefits of the cash advances and/or purchases without ever intending to repay the same.

28. Defendant's actions constitute material misrepresentations of the facts.

29. Defendant intended for Plaintiff to rely on those misrepresentations.

30. Plaintiff did rely upon Defendant's misrepresentations of repayment and was induced to lend money to Defendant by those misrepresentations.

31. Plaintiff reasonably relied on Defendant's misrepresentations.

32. Defendant's debt is a "consumer debt", as defined by 11 U.S.C.§ 101(8).

33. As a result of Defendant's conduct, Plaintiff has suffered damages in the amount of $38,058.00. Pursuant to 11 USC § 523(a)(2), Defendant should not be granted a discharge of this debt to the Plaintiff in the amount of $38,058.00.

### III. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court grant the following relief:

1. A monetary judgment against Defendant in the amount of $38,058.00, plus accrued interest at the contractual rate from and after 02/12/2009, plus additional interest at the contractual rate, which will continue to accrue until the date of judgment herein;

CASE NO.: 08-01686 LA

ADV. NO.: 09-90193 LA

COMPLAINT TO DETERMINE THE DISCHARGEABILITY OF DEBT.

FIA v. THAVISACK

2.   An order determining that such debt is non-dischargeable under 11 USC § 523(a)(2);

3.   An order awarding Plaintiff its attorneys' fees and costs incurred herein; and

4.   An order awarding Plaintiff such additional relief as this Court deems just and equitable.

       DATED this _24th_____ day of _August_____, 2009.


                                    WEINSTEIN & RILEY, PS

                        By:      /S/ Jerome A. Yelsky
                                 Jerome A. Yelsky, Of Counsel (75240)
                                 12100 Wilshire Blvd, Suite 1100
                                 Los Angeles, CA 90025
                                 Telephone: 310-820-6529

CASE NO.: 08-01686 LA

ADV. NO.: 09-90193 LA

COMPLAINT TO DETERMINE THE DISCHARGEABILITY OF DEBT.

FIA v. THAVISACK